THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM MOORE, Defendant-Appellant.

(Nos. 13001-02 cons.;

Fourth District—August 14, 1975.

*Rehearing denied October 2, 1975.*

Richard J. Wilson, of State Appellate Defender's Office, of Springfield, for appellant.

James R. Burgess, Jr., State's Attorney, of Urbana (G. Michael Prall and Kai A. Wallis, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE SIMKINS delivered the opinion of the court:

Defendant, William Moore, appeals from his conviction pursuant to guilty pleas for the offenses of theft under $150, charged as a second offense, and theft over $150 and from concurrent sentences imposed of 1 to 3 and 2 to 10 years respectively. The sole issue raised before this court is whether defendant was improperly denied the opportunity to be sentenced under the provisions of the Dangerous Drug Abuse Act.

On June 26, 1974, defendant was indicted for the offenses of theft under $150, charged as a second offense, and the unlawful possession of hypodermic syringes. On August 13, 1974, defendant was charged by complaint with burglary, theft under $150 and theft over $150. On September 9, 1974, defendant filed a petition to elect treatment under the provisions of the Dangerous Drug Abuse Act. A hearing was held on said petition, and the trial court held that defendant was not eligible for treatment under the Dangerous Drug Abuse Act because of "other felony charges pending." On September 10, 1974, defendant pleaded guilty to Count I of the indictment charging him with theft under $150, charged as a second offense, and Count II of the complaint charging defendant with theft over $150. The prosecution stated that pursuant to plea negotiations with defendant it had agreed to dismiss the remaining counts of the indictment and complaint and to recommend concurrent sentences of 1 to 3 and 2 to 10 years' imprisonment. The prosecution also agreed to send to the Department of Corrections a letter stating that defendant feels that he is an addict and would like treatment as such. The trial court then entered judgment on the pleas.

On September 24, 1974, defendant appeared in court for sentencing. The following colloguy then occurred:

"Mr. Vallandingham: Before we proceed with the sentencing in the matter here I would ask this Court perhaps to refer back to the petition originally filed. This Court ruled that my client was not eligible for treatment under the Drug Addiction Act and I believe the basis for the ruling was that my client has another felony offense pending. I'm not quite certain, your Honor, and if the Court might clarify this for the record, was your ruling also indicating that 'pending' would mean that the case is still pending even now or that this felony was pending until such time as the plea or a conviction were entered? The reason I ask this—

The Court: Is it your position that you think now that he has entered a plea of guilty that he might be eligible—

Mr. Vallandingham: That is the question.

The Court: And having received dismissals of the other charges, is that it?

Mr. Vallandingham: I don't know. I think the issue can be raised.

The Court: Is that your position?

Mr. Vallandingham: That is the issue to be raised, your Honor.

The Court: Well, I don't believe that that is the intent of that section. Now he's negotiated and there has been recommendations made. He has got dismissals. I don't think he is now eligible under that section.

Mr. Vallandingham: Your Honor, then just so that the Court can consider in the sentencing hearing the alternatives that it has, I would file a further petition for treatment as an addict as a condition of probation which is Subsection 10 of that Act, just for your consideration. I realize that you have previously ruled.

The Court: Show, petition of defendant for treatment under the Drug Addict Act on file.

Mr. Vallandingham: I understand your ruling as to his eligibility and I assume your ruling would have to stand here also, your Honor, and I thought I would make that record.

The Court: That is correct. These pleas were negotiated in this case. There were recommendations, there were other, several other charges dismissed, as I recall.

Mr. Parkinson: Yes, Your Honor.

The Court: The petition is not even before me now, is that correct?

Mr. Parkinson: That is correct, your Honor.

The Court: And with this defendant's previous record, I think that the sentences recommended are very reasonable sentences and I think that—well, Mr. Moore, you haven't been able to get hold of any narcotics while you are in jail, have you?

Mr. Moore: No, I haven't.

The Court: I think this in itself is going to be a cure. Do you feel that you are off of them now?

Mr. Moore: I feel though that I am off of them physically, not mentally, no.

\* \* \*

Mr. Vallandingham: Your Honor, may I call the defendant to testify before we consider sentencing?

The Court: Well, the Court isn't going to grant him this drug treatment. The Court isn't going to impose any other sentence unless you want to make a record of sentencing.

Mr. Vallandingham: No, your Honor, I just thought that perhaps

·the Court might want to inquire of defendant, might want to hear his testimony."

The court then sentenced defendant pursuant to the recommendations of the plea agreement.

The defendant contends that the trial court at the sentencing hearing erroneously concluded that defendant was ineligible for treatment under the Dangerous Drug Abuse Act (Ill. Rev. Stat. 1973, ch. 91½, § 120.1 *et seq.*). The record is unclear as to whether at the time of the sentencing hearing the trial judge believed defendant to be ineligible for treatment under the Act. Nevertheless, at the time of the sentencing hearing defendant clearly was eligible for treatment under the Act because no "other criminal proceedings alleging commission of a felony" were pending against defendant within the meaning of section 8(d) of the Act. Section 10 provides that a defendant is entitled to elect treatment under the Act *after* he is convicted of a crime.

Section 10 of the Act further states that "[i]f the individual *elects* to undergo treatment or is certified for treatment, the court *shall order* an examination by the Department to determine whether he is an addict and. is likely to be rehabilitated through treatment." (Emphasis added.) In *People v. McCoy,* 29 Ill.App.3d 601, 332 N.E.2d 690, the First District interpreted this language and held that where a defendant makes an election under the Act, referral to the Department of Mental Health for an examination is mandatory. The defendant in the instant case made an election prior to imposition of sentence and at a time when there were no felony charges pending. Hence, the trial court was required under section 10 of the Act to refer defendant to the Department of Mental Health for an examination.

We express no opinion as to whether or not defendant should be admitted to the program. This decision is within the sound discretion of the court. Here that decision will only be made after the trial court has received the report of the Department of Mental Health.

Accordingly, for the reasons stated above the judgments are affirmed, the sentences are vacated, and the cause is remanded to the circuit court of Champaign County for further proceedings under the Dangerous Drug Abuse Act not inconsistent with the views expressed herein.

Judgments affirmed, sentences vacated, and cause remanded with directions.

TRAPP and CRAVEN, JJ., concur.