THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
LAMAR NORRIS, a/k/a Billy Norris, Defendant-Appellant.
First District (5th Division)   No. 62397

Opinion filed September 10, 1976.

James J. Doherty, Public Defender, of Chicago (Gary G. Stanton and Judith A. Stewart, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Iris E. Sholder, and Edward H. Phillips, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE SULLIVAN delivered the opinion of the court:

Defendant appeals from a judgment revoking his probation and sentencing him to a term of 3 to 10 years. He does not challenge the evidentiary basis for the revocation; rather, he argues that the trial court abused its discretion in denying his request to be admitted for treatment as a narcotics addict under the Dangerous Drug Abuse Act. (Ill. Rev. Stat. 1975, ch. 91½, par. 120.1 *et seq.*) He asks that his sentence be reversed and the cause be remanded for "proper consideration" of this request.

On February 4, 1974, defendant was adjudged guilty of theft in excess of $150 and was sentenced to one-year-probation. Subsequently, he was indicted for another theft and the State sought to revoke his probation. At the revocation proceedings, a parking garage manager testified to an attempt by defendant to drive a car that he had taken without permission from the garage. At the conclusion of the hearing, probation was revoked and the matter was continued for a presentence report.

At the hearing in aggravation and mitigation, the State emphasized defendant's six prior State convictions basically related to theft offenses and one four-year Federal sentence as a parole violator. Defense counsel urged that a limited term of incarceration be imposed because his prior offenses were related to his use of narcotics. After sentence was imposed, the trial court granted the State's motion to nol-pros the pending theft indictment.

Defendant contends that the trial court decided to sentence him before his probation was revoked. He points out that at a preliminary hearing on April 8, 1975, the court was informed of plea bargaining conferences, at which the State had agreed to recommend specified concurrent sentences for the violation of probation and the pending theft indictment. The record suggests that the court was involved in at least one of these conferences. It appears also that a request by defendant for admittance to the Illinois Drug Abuse Program (the Program) had been denied and, at the April 8 hearing, defendant informed the court that he was an

addict and asked why this request had been refused. The trial court answered that it would not admit defendant because of his seven prior convictions and because it believed the Program would not help him.

The revocation proceeding began on April 9 and, after the State had presented the aforesaid testimony of the parking garage manager, the case was continued to permit defendant, who was represented by the public defender, to obtain private counsel. He did not do so and, when no other evidence was presented, his probation was revoked on May 2 and he was sentenced on June 9, 1975.

OPINION

Defendant relies principally on section 10 of the Dangerous Drug Abuse Act (par. 120.10), which provides in pertinent part that where an individual convicted of a crime states to the court that he is an addict and requests treatment as provided for in the Act, "the court is required to order an examination by the Department of Mental Health to determine whether the individual is an addict and is likely to be rehabilitated through treatment." Defendant states that a report of the examination by the Department of Mental Health was not submitted, and he contends the court made its determination to deny admission to the program at the April 8 session of the court, prior to the revocation hearing. Thus, he argues, the court acted precipitously and that such action was arbitrary and an abuse of its discretion.

■■ A defendant who is subject to probation revocation may seek the ameliorative effect of the Dangerous Drug Abuse Act (see *People v. Clinkscale* (1973), 14 Ill. App. 3d 226, 302 N.E.2d 181), and it was recently stated in *People v. McCoy* (1976), 63 Ill. 2d 40, 42-43, 344 N.E.2d 436:

> "A basic purpose of the Dangerous Drug Abuse Act is 'to provide diagnosis, treatment, care and rehabilitation for controlled substance addicts to the end that these unfortunate individuals may be restored to good health and again become useful citizens in the community.' (Ill. Rev. Stat. 1973, ch. 91½, par. 120.2.) Under the Act a drug addict who is charged with or convicted of a crime, and who qualifies under the terms of the Act, may elect to undergo treatment for his addiction under the supervision of the Department of Mental Health as an alternative to prosecution or probation * * *."

■■ In *People v. Dill* (1974), 23 Ill. App. 3d 503, 506, 319 N.E.2d 240, the court in holding that a trial judge must exercise discretion in determining whether to implement the Dangerous Drug Abuse Act, said:

> "No formula is intended to be prescribed, but the record must, in some fashion, establish that the trial judge, in the exercise of his discretion, made a deliberate decision to impose sentence or other

sanctions available to him under the Code of Corrections in lieu of invoking the provisions of the Dangerous Drug Abuse Act."

■■■ The record here discloses that prior to the probation revocation proceeding, counsel had engaged in plea bargaining and that the court had been involved in at least one of these conferences. There is no contention, however, that this prejudiced the actions of the trial court, and we believe that a reasonable assumption could be made that the court was informed, as provided for by Supreme Court Rule 402(d)(2), at the plea bargaining discussions of defendant's prior crime activities. In any event, the court was cognizant of defendant's request for commitment to the Drug Abuse Program, and it appears to us that it considered this request in conjunction with defendant's extensive crime background prior to the commencement of the revocation hearing. Under such circumstances, its opinion regarding the propriety of the request was a deliberate decision, based on significant considerations, and we find no prejudicial error resulting from the procedure followed by the court. (See *Dill.*) In addition, we note that the transcript of proceedings plainly indicates that prior to the hearing on aggravation and mitigation a pre-sentence report was submitted which, among other things, contained information concerning defendant's drug addiction. Thus, it seems to us that prior to sentencing the court had ample information to determine a considered disposition.

Furthermore, in *People v. McLean* (1975), 33 Ill. App. 3d 965, 338 N.E.2d 902, *leave to appeal denied*, 63 Ill. 2d 553, it was held that the procedure adopted by the court was not improper where two trial judges who participated at various proceedings culminating in defendant's negotiated guilty plea and sentence were aware of his drug addiction, but a report from the Department of Mental Health was not submitted prior to sentencing. The appellate court, in affirming, distinguished several of the same cases relied upon by defendant here and then stated, "although the trial court is required to exercise its discretion in determining whether or not to invoke the Act whenever it has reason to believe the defendant is an addict, the court, nevertheless, is under no duty to invoke the procedural provisions of the Act in any case." 33 Ill. App. 3d 965, 969-70.

■■ Moreover, we note that if a defendant is placed on probation and then elects treatment for drug addiction at a subsequent revocation hearing, as was the case here, section 8(e) of the Act (par. 120.8(e)) requires the consent of the "probation authority" to said treatment as a prerequisite for eligibility. In the recent case of *People v. Phillips* (1976), 39 Ill. App. 3d 387, 350 N.E.2d 363, 368, this court construed the term "probation authority" as the circuit court "that admitted him to probation." We believe that this interpretation is correct. Thus, defendant

here should have obtained the consent of the circuit court to fulfill the eligibility requirements of section 8(e). It is apparent that the circuit court did not consent to defendant's request for admittance to the program, and this is further reason to sustain the judgment of the trial court.

For the reasons stated, the judgment of the trial court is affirmed.

Affirmed.

LORENZ, P. J., and BARRETT, J., concur.