THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JACKIE RUFFIN *et al.*, Defendants-Appellants.

First District (4th Division)    No. 76-704

Opinion filed February 24, 1977.

James Geis and Steven Clark, both of State Appellate Defender's Office, of Chicago, for appellants.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Myra J. Brown, and Joel M. Goldstein, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE ROMITI delivered the opinion of the court:

Defendants Jackie Ruffin and Bruce Winters were indicted for the offense of theft from the person, a Class 3 felony, in violation of section 16—1(a)(1) of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 16—1(a)(1)). After a bench trial both defendants were found guilty as charged and sentenced to two to six years in the Illinois State Penitentiary. Both defendants have appealed.

On appeal, defendant Winters contends that the trial court abused its discretion by failing to consider Winters' request for admission to a drug abuse program. Defendant Ruffin contends that his sentence was excessive.

For the reasons hereafter stated we affirm the judgment and sentence as to defendant Ruffin. We vacate the sentence as to defendant Winters and remand for a new sentencing hearing.

## I.

It is defendant Winters' contention that the trial judge was on notice of the possibility that defendant was an addict and that the defendant was attempting to elect to be treated under the Dangerous Drug Abuse Act (Ill. Rev. Stat. 1973, ch. 91½, par. 120.1 *et seq.*). Therefore, defendant Winters contends, the trial judge was required to exercise his discretion by considering whether Winters should be given treatment under this act. Winters also contends that the trial judge should have ordered an examination by the Department of Mental Health to determine whether Winters was an addict and would be aided by a drug abuse program.

The relevant sections of the Dangerous Drug Abuse Act are 8 and 10:

"§8. An addict charged with or convicted of a crime is eligible to elect treatment under the supervision of the Department instead of prosecution or probation, as the case may be, unless (a) the crime is a crime of violence, (b) the crime is a violation of Sections 401, 402(a), 405 and 407 of the Illinois Controlled Substances Act, enacted by the 77th General Assembly, or Sections 4(d), 5(d), 7, or 9 of the Cannabis Control Act, enacted by the 77th General Assembly, (c) the addict has a record of 2 or more convictions of a crime of violence, (d) other criminal proceedings alleging commission of a felony are pending against the addict, or (e) the addict is on probation or parole and the appropriate parole or probation authority does not consent to that election, or (f) the addict elected and was admitted to a treatment program on two prior occasions within any consecutive two year period. An eligible addict may not be admitted to a treatment program, however, unless the authorities concerned consent as hereinafter set forth.

\* \* \*

§ 10. If a court has reason to believe that an individual convicted of a crime is an addict or the individual states that he is an addict and the court finds that he is eligible to make the election provided for under Section 8, the court may advise him that he may be placed on probation if he elects to submit to treatment and is accepted for treatment by the Department. In offering an individual an election, the court shall advise him that (a) if he elects to submit to treatment and is accepted he may be placed on probation and under the supervision of the Department for a period not to exceed the maximum sentence that could be imposed

for his conviction or 5 years, whichever is less; (b) during probation he may be confined in an institution or, at the discretion of the Department, he may be released for supervised aftercare treatment in the community; and (c) if he adheres to the treatment program and fulfills the other conditions of probation, he will be discharged, but any failure to adhere to the treatment program is a breach of probation. The court may certify an individual for treatment while on probation under the treatment supervision of the Department and probation supervision of the proper probation authorities regardless of the election of the individual.

If the individual elects to undergo treatment or is certified for treatment, the court shall order an examination by the Department to determine whether he is an addict and is likely to be rehabilitated through treatment. The Department shall report to the court the results of the examination and recommend whether the individual should be placed on probation and supervision for treatment. If the court, acting on the report and other information coming to its attention, determines that the individual is not an addict or is an addict not likely to be rehabilitated through treatment, the court shall proceed to pronounce sentence as in other cases. If the court determines that the individual is an addict and is likely to be rehabilitated through treatment, the court may place him on probation and under the supervision of the Department for treatment and of the proper probation authorities for probation supervision and may require such progress reports on the individual from the probation officer and the Department as the court finds necessary. No individual may be placed under supervision unless the Department accepts him for treatment.

Failure of an individual placed on probation and under the medical supervision of the Department to observe the requirements set down by the Department shall be considered a probation violation. Such failure shall be reported by the Department to the probation officer in charge of the individual and treated in accordance with probation regulations."

■■ This statute has been interpreted to require a judge who has reason to believe that a defendant is an addict to inquire into the defendant's addictive state and to exercise his discretion in determining whether the defendant should get treatment under the Act. (*People v. Melson* (1976), 36 Ill. App. 3d 71, 343 N.E.2d 258; *People v. Newlin* (1975), 31 Ill. App. 3d 735, 334 N.E.2d 349.) The record must show that the judge did in fact exercise his discretion, and where the record did not indicate that the trial judge considered possible treatment of the defendant under the Act the sentence has been vacated and the case remanded for a new sentencing hearing. (*People v. Melson* (1976), 36 Ill.

App. 3d 71, 343 N.E.2d 258; *People v. Miller* (1976), 43 Ill. App. 3d 290, 356 N.E.2d 1345.) It has been held that the trial judge was put on notice as to defendant's possible drug addiction where the presentence investigation report indicated that the defendant had used drugs, the report also stated that if the defendant was given probation then the probation officer should be given authority to direct the defendant to seek drug abuse help, and at the sentencing hearing the probation officer referred to the defendant's drug problems (*People v. Miller* (1976), 43 Ill. App. 3d 290, 356 N.E.2d 1345); the probation report referred to the defendant as a known narcotics addict, the defendant told the court he had stolen to buy drugs and asked to be put on a drug program (*People v. Robinson* (1973), 12 Ill. App. 3d 291, 297 N.E.2d 621); defendant's attorney told the court that the defendant was an addict and defendant asked to be put on a drug program, which was explained to the court by a drug counselor. *People v. McCoy* (1975), 29 Ill. App. 3d 601, 332 N.E.2d 690.

■■ In the case at bar the presentence investigation report states that defendant Winters had admitted to the use of marijuana and heroin and that defendant's heroin habit had averaged between $70 and $80 per day. At the sentencing hearing defendant's attorney told the court that the defendant was an addict and asked the court to consider "the drug abuse program." These statements were sufficient to give the trial judge reason to believe that the defendant was an addict. He was, therefore, required to exercise his discretion by inquiring into defendant Winters' possible addiction and by considering whether the defendant would benefit from treatment under the Act. At the end of a lengthy statement in mitigation on behalf of both defendants, their attorney requested the court to consider "the drug abuse program" for defendant Winters. The court responded "Okay." The State points to this as evidence that the judge did exercise his discretion and considered the possibility of treatment under the Act. But immediately following this response, which may or may not have been a specific response to the attorney's request, the court asked the defendants if they had anything to say prior to sentencing, then made a statement prior to sentencing in which there was no mention of defendant Winters' possible drug addiction nor of the Dangerous Drug Abuse Act. The record does not show any mention by any party of that Act. When asked by defendants' attorney why a sentence was imposed which was higher than the minimum possible, the court stated "* * * I am basing my sentence on the defendants' criminal background, upon the presentence report, and upon the facts of this case * * *." Since the record does not indicate whether the judge exercised his discretion by considering whether defendant Winters was an addict and would be helped by treatment under the Act, the sentence must be vacated and the

case remanded for a sentencing hearing in conformity with this opinion.

■■ The State also contends that because the defendant was on probation at the time of sentencing hearing, he had the burden under section 8 of the Act of establishing that the appropriate probation authority consented to his election of treatment under the Act. Since the record does not indicate that this showing was made, the State contends that the court properly denied defendant's request. The only support for this interpretation is found in *People v. Norris* (1976), 42 Ill. App. 3d 301, 355 N.E.2d 696. There the court found that the trial judge had properly exercised his discretion in refusing defendant's request for treatment under the Act, but went on to note that since this sentence was pursuant to a probation revocation defendant would not be eligible for treatment unless he secured the consent of the probation authority (defined in *People v. Phillips* (1976), 39 Ill. App. 3d 387, 350 N.E.2d 363, as the court that put the defendant on probation). The court stated it was "apparent" this consent was not given and this was another reason to sustain the judgment of the trial court. But in the case at bar, as we have already indicated, we cannot determine whether the trial judge exercised his discretion. Furthermore the trial judge here was not the judge who placed the defendant on probation, thus we cannot assume that the necessary consent was not given. Other cases have not supported the reasoning of *Norris*. Even when the sentencing was pursuant to a revocation of probation, when the record did not reflect the exercise of the judge's discretion the sentence has been vacated. (*People v. Dill* (1974), 23 Ill. App. 3d 503, 319 N.E.2d 240; *People v. Elsner* (1975), 27 Ill. App. 3d 957, 327 N.E.2d 592.) Therefore we find that the absence from the record of proof that the defendant has obtained the consent of his probation judge to elect treatment under the Act does not negate the requirement that the sentencing judge exercise his discretion in considering such treatment.

■■ Defendant Winters also contends that the trial court should have ordered an examination of Winters by the Department of Mental Health to determine whether he is an addict and is likely to be rehabilitated through treatment. The Act requires the court to order such an examination if the defendant "elects to undergo treatment." (Ill. Rev. Stat. 1975, ch. 91½, par. 120.10.) Two Illinois appellate cases suggest where the trial court has reason to believe a defendant may be an addict and defendant has requested he be put on a drug program, this constitutes the "election" which then mandates a Department of Mental Health examination. (*People v. Moore* (1975), 31 Ill. App. 3d 653, 334 N.E.2d 406; *People v. McCoy* (1975), 29 Ill. App. 3d 601, 332 N.E.2d 690.) However, we believe a proper reading of the statute indicates that before a defendant can make this election, he must have been offered that option

by the court. The trial judge is not required to make such an offer even when he has reason to believe the defendant may be an addict. The judge is only required to exercise his discretion in considering whether to offer the defendant drug treatment. (*People v. Warren* (1976), 43 Ill. App. 3d 1064, 358 N.E.2d 27; *People v. Elsner* (1975), 27 Ill. App. 3d 957, 327 N.E.2d 592; *People v. Dill* (1974), 23 Ill. App. 3d 503, 319 N.E.2d 240.) Thus, the statute mandates use of this discretion but does not mandate the result of such consideration. If the judge decides to offer the defendant the option of electing drug treatment and the defendant does in fact make that election by accepting the offer, only then is the judge required to order an examination by the Department of Mental Health. The only other time this examination is required is if the judge certifies the defendant for drug treatment, whether or not the defendant has made an election. In the case at bar no offer of an election was made by the court, nor did it certify the defendant for treatment. Therefore no examination was required.

II.

Defendant Ruffin contends his two- to six-year prison sentence is excessive.

■■ The defendant was convicted of theft from the person, a Class 3 felony. (Ill. Rev. Stat. 1973, ch. 38, par. 16—1(a)(1).) The minimum term for a Class 3 felony "\* \* \* shall be 1 year unless the court, having regard to the nature and circumstances of the offense and the history and character of the defendant sets a higher minimum term, which shall not be greater than one-third of the maximum term set in that case by the court; \* \* \*." (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(c)(4).) After both defendants were sentenced their attorney, apparently referring to this sentencing provision, asked the judge why he did not impose the minimum sentence. The judge's response, quoted earlier, indicates that in imposing sentence he considered the defendants' criminal background, the presentence report, and the facts of the case.

Defendant Ruffin was convicted for the theft of a change purse contained within a larger purse carried by a woman. It was stipulated at trial that the purse contained 50 cents and a rosary, although, as the State points out in their brief, the amount involved could have as easily been much greater. Ruffin was convicted in April 1973 of theft and battery and placed on one year probation. Four months later he was sentenced to 30 days in the House of Correction for violation of this probation. In September 1973 he was convicted of attempted theft and fined $200. The next month he was convicted of theft and sentenced to 90 days in the House of Correction. On March 30, 1974, he was arrested for the theft in the case at bar. The presentence report indicated the defendant was 21

years old, had dropped out of high school, dropped out of a vocational training program, had quit one job and had been fired from another one.

As was stated in *People v. Fox* (1971), 48 Ill. 2d 239, 251-52, 269 N.E.2d 720, 728:

> "* * * where it is claimed that the punishment imposed is excessive, although within the limitations prescribed by the legislature, that sentence should not be disturbed unless it is greatly at variance with the purpose and spirit of the law or manifestly in excess of the proscriptions of * * * the Illinois constitution which requires that all penalties should be proportioned to the nature of the offense. The trial court is normally in a superior position during the trial and the hearing in aggravation and mitigation to make a sound determination as to the punishment to be imposed than are courts of review. * * *"

The sentence imposed on the defendant Ruffin was within the limits permitted by statute. The trial judge indicated the factors he had considered in imposing a sentence higher than the minimum. Having reviewed those factors we cannot say the sentence was excessive.

For the foregoing reasons the judgment and sentence of the trial court as to defendant Ruffin will be affirmed. The sentence as to defendant Winters is vacated and the cause remanded for a new sentencing hearing at which the trial court may exercise its discretion in accord with this opinion.

Affirmed in part; vacated in part and remanded for sentencing hearing.

DIERINGER, P. J., and LINN, J., concur.