THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
WILLIAM MOORE, Defendant-Appellant.

Fourth District   No. 13814

Opinion filed March 10, 1977.

Richard J. Wilson, of State Appellate Defender's Office, of Springfield, for appellant.

James R. Burgess, Jr., State's Attorney, of Urbana (Robert C. Perry, of Illinois State's Attorneys Association, and Jane F. Bularzik, law student, of counsel), for the People.

Mr. JUSTICE REARDON delivered the opinion of the court:

Defendant, William Moore, appeals from the imposition of concurrent sentences of 1 to 3 years and 2 to 10 years following defendant's pleas of guilty to the separate offenses of second offense theft under $150 and theft over $150, respectively.

This is the second appeal taken from defendant's conviction. Previously, in *People v. Moore* (1975), 31 Ill. App. 3d 653, 334 N.E.2d 406, this court reversed the defendant's negotiated sentence due to the refusal of the trial court to permit the defendant to elect the sentencing provisions of section 10 of the Dangerous Drug Abuse Act (Ill. Rev. Stat. 1973, ch. 91½, par. 120.10). The pertinent part of section 10 provides:

> "If the individual elects to undergo treatment or is certified for treatment, the court shall order an examination by the Department to determine whether he is an addict and is likely to be rehabilitated through treatment. The Department shall report to the court the results of the examination and recommend whether the individual should be placed on probation and supervision for treatment. If the court, acting on the report and other information coming to its attention, determines that the individual is not an addict or is an addict not likely to be rehabilitated through treatment, the court shall proceed to pronounce sentence as in other cases. If the court determines that the individual is an addict and is likely to be rehabilitated through treatment, the court may place him on probation and under the supervision of the Department for treatment and of the proper probation authorities for probation supervision and may require such progress reports on the individual from the probation officer and the Department as the court finds necessary. No individual may be placed under supervision unless the Department accepts him for treatment." (Ill. Rev. Stat. 1973, ch. 91½, par. 120.10.)

The *Moore* court instructed the trial court to comply with the Act and to refer the defendant to the Department of Mental Health to determine whether defendant is an addict and likely to be rehabilitated through treatment. This court, however, expressed no opinion as to the merits of defendant's request for supervisory probation.

In compliance with this court's order, the trial court arranged for defendant to be examined. Upon completion of the examination a resentencing hearing was held. The report from the Department concluded that defendant is an addict, that he is likely to be rehabilitated

with treatment and that the Department is willing to accept him for treatment subject to the provisions of the Dangerous Drug Abuse Act. John Gordon, the director of the Champaign County Drug Rehabilitation Center, Inc., testified that the Center would accept defendant for entry into its residential drug treatment program, Chambana House. A registered nurse specializing in drug rehabilitation, testified that she had previously worked with defendant. She felt that although defendant is a long-term addict, he has been motivated to change his behavior and that he needs the structured living situation provided by the in-house drug rehabilitation program. The defendant testified that he has been off drugs for the 1½ years he has been imprisoned and that he has been participating in an informal noncertified drug rehabilitation program while in jail.

At the close of the evidence, the trial court reimposed the same sentences. When passing sentence the trial judge stated:

> "Taking into consideration the evidence that has been heard here today, taking into consideration the facts that the defendant, at the time he entered the pleas in these two cases, had pending against him three other felony charges plus a count of burglary in the case, taking into consideration that these sentences were imposed as— and the exact sentences were imposed as worked out by plea negotiations between the State's Attorney and the defendant's counsel, and taking into consideration also that the defendant has been in the penitentiary since September 24th and was sentenced on September 24th, 1974, and we're talking about giving credit at that time also for the three days spent ahead of that in the County Jail. We're talking about a total period of nineteen—or nineteen months and realizing that the Court does have a discretion and he should exercise that discretion and he's responsible only for an abuse of that discretion, taking all these things into consideration, the Court believes that the sentences should be reimposed in this case and accordingly, the sentences are hereby reimposed."

Defendant contends that the evidence produced at the resentencing hearing reflected favorably upon his candidacy for supervisory probation and that to deny same was an abuse of judicial discretion.

■■■ It is not for this court, on review, to determine whether the defendant should have been granted supervisory probation. Rather, our concern is whether the trial court abused its discretion in failing to render that judgment. It is not the function of a reviewing court to substitute its judgment for that of the trial court in the absence of a finding of an abuse of discretion. (*People v. Bolyard* (1975), 61 Ill. 2d 583, 338 N.E.2d 168; *People v. Bradley* (1976), 43 Ill. App. 3d 463, 357 N.E.2d 696.) In this case the conduct of the trial judge does not reflect an arbitrary denial of defendant's request for probation. The trial judge at the time of

resentencing considered the nature of the defendant's offenses, his age, his rehabilitative possibilities, his penitentiary service, his plea negotiation, the period of time that defendant was incarcerated, and the sentencing discretion vested in the court. In addition, the court considered the evidence submitted by defendant and his witnesses at the resentencing hearing. The court properly referred to the charges which had been dropped at the time the defendant pleaded guilty to the two offenses. The request of the defendant seeking a sentence of probation supported by testimony from knowledgeable witnesses does not strip the trial court of its sentencing function. The trial court has the duty to exercise its discretion in imposing sentence. In the discharge of that responsibility, it is certainly not confined to the suggestions of psychiatric or rehabilitative experts. The trial judge must weigh not only the best interests of the defendant but must also view society's interests, including its right to protection and its need for deterrence of further criminal activity. In addition, the trial judge, in sentencing offenders, must be mindful of the expressed legislative philosophy of rehabilitation. (See *People v. Robinson* (1973), 12 Ill. App. 3d 291, 295, 297 N.E.2d 621, 623.) This, however, does not mean that the trial judge's discretion is empty of meaning. If that discretion is exercised contrary to an adversary's viewpoint it does not necessarily follow that the discretion has been abused. Nor does the fact that a defendant was sentenced by a court to a term agreed upon in a plea-negotiation arrangement, as in this case, demonstrate that the trial court failed to exercise its sentencing discretion. Failure to grant probation pursuant to the Dangerous Drug Abuse Act is, in itself, an exercise of discretion. The trial court considered all the evidence before it, applied its judgment, exercised its discretion and imposed sentence. We find no abuse of discretion. Accordingly, the sentence imposed by the trial court is affirmed.

Affirmed.

TRAPP, P. J., and MILLS, J., concur.