THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
BILLY BERDALE KILLION, Defendant-Appellant.

Fourth District   Nos. 13844, 14010 cons.

Opinion filed July 18, 1977.

Richard J. Wilson and John L. Swartz, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Robert C. Perry, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE MILLS delivered the opinion of the court:

Two criminal cases against Killion were consolidated for appeal and the only questions raised concern the sentences.

In one case, defendant was convicted of burglary and received a sentence of imprisonment of 5 to 15 years. In the other, he pleaded guilty to attempt burglary and was sentenced to 3 years probation. After his burglary conviction, his probation for attempt burglary was revoked and he was sentenced to 1 year 4 months to 4 years imprisonment, to be served concurrently with the sentence for burglary.

The major issue raised on appeal is common to both cases. Defendant

had filed petitions—in both cases—to undergo treatment under the Dangerous Drug Abuse Act (Ill. Rev. Stat. 1975, ch. 91½, par. 120.1 *et seq*.). The cardinal issue is simply this: Did the trial court have the discretion to deny treatment before ordering an examination by the Department of Mental Health?

The two sections of the Act with which we are concerned are sections 8 and 10 (Ill. Rev. Stat. 1975, ch. 91½, pars. 120.8, 120.10). Section 8 outlines the circumstances under which a defendant is *not* eligible for treatment under the Act. In brief, a defendant is not eligible if he: is being sentenced for a crime of violence; has a record of violent crimes; is being sentenced for a drug offense; has other felony charges pending; has already received treatment twice; or, is on probation or parole and the appropriate authority does not consent to treatment under the Act. (Ill. Rev. Stat. 1975, ch. 91½, par. 120.8.) The only provision affecting this defendant is the one concerning consent by his probation officer and, since his probation officer recommended a treatment program in his presentence report, it is apparent that Killion is eligible for treatment under the Act.

Section 10 of the Act states:

"If a court has reason to believe that an individual convicted of a crime is an addict or *the individual states that he is an addict and the court finds that he is eligible to make the election provided for under Section 8, the court may advise him that he may be placed on probation if he elects to submit to treatment and is accepted for treatment by the Department. In offering an individual an election, the court shall advise him* that (a) if he elects to submit to treatment and is accepted he may be placed on probation and under the supervision of the Department for a period not to exceed the maximum sentence that could be imposed for his conviction or 5 years, whichever is less; (b) during probation he may be confined in an institution or, at the discretion of the Department, he may be released for supervised aftercare treatment in the community; and (c) if he adheres to the treatment program and fulfills the other conditions of probation, he will be discharged, but any failure to adhere to the treatment program is a breach of probation. The court may certify an individual for treatment while on probation under the treatment supervision of the Department and probation supervision of the proper probation authorities regardless of the election of the individual.

*If the individual elects to undergo treatment or is certified for treatment, the court shall order an examination by the Department to determine whether he is an addict and is likely to be rehabilitated through treatment.* The Department shall report to the court the results of the examination and recommend whether

the individual should be placed on probation and supervision for treatment. *If the court, acting on the report and other information coming to its attention, determines that the individual is not an addict or is an addict not likely to be rehabilitated through treatment, the court shall proceed to pronounce sentence as in other cases.* If the court determines that the individual is an addict and is likely to be rehabilitated through treatment, the court may place him on probation and under the supervision of the Department for treatment and of the proper probation authorities for probation supervision * * *." (Emphasis ours.) Ill. Rev. Stat. 1975, ch. 91½, par. 120.10.

The Department referred to is, of course, the Department of Mental Health. Ill. Rev. Stat. 1975, ch. 91½, par. 120.3—6.

Defendant Killion, at the hearing on the petition to elect treatment under the Act, testified that he was an addict. As stated above, he was not ineligible for any of the reasons in section 8. The defendant argued that, under these circumstances, the court was required—by the Act—to refer him to the Department of Mental Health for an examination to determine whether he was an addict and likely to be rehabilitated through treatment. The court determined that it had the discretion to refuse to offer defendant an election and found that he was not an addict. The court then sentenced him on the burglary to the penitentiary. The next day at the hearing before a different judge to revoke probation on the attempt burglary, the Assistant State's Attorney argued that the court was bound, as a practical matter, by the action taken at the sentencing for burglary, and the court agreed. Another penitentiary sentence was imposed.

■■ There is no doubt but that the trial court, in its discretion, makes the final decision as to whether defendant will be treated under the Act or will be imprisoned. (*People v. Robinson* (1973), 12 Ill. App. 3d 291, 297 N.E.2d 621; *People v. Dill* (1974), 23 Ill. App. 3d 503, 319 N.E.2d 240.) The only question here is whether, if the defendant states he is an addict, and is otherwise eligible, the trial court must refer him to the Department of Mental Health for an examination before making the final decision. This is a matter of statutory interpretation. The question has arisen before but the opinions of the appellate courts have divided. In *People v. Norris* (1st Dist. 1976), 42 Ill. App. 3d 301, 355 N.E.2d 696, and *People v. Ruffin* (1st Dist. 1977), 46 Ill. App. 3d 448, 361 N.E.2d 49, the courts denied defendants' contentions that the trial court was required to refer defendant to the Department prior to making a final decision on whether to afford a defendant treatment under the Act. On the other hand, in *People v. McCoy* (1st Dist. 1975), 29 Ill. App. 3d 601, 332 N.E.2d 690, *aff'd on other grounds*, 63 Ill. 2d 40, 344 N.E.2d 436, and *People v. Moore*

(4th Dist. 1975), 31 Ill. App. 3d 653, 334 N.E.2d 406, the courts stated that such referral was mandatory under the Act.

■■ We reaffirm the position this court took in *Moore*. The statute clearly provides a two-step process. The first step is that of determining whether a defendant is a person who can make an election for treatment under the Act. We are not concerned here with the problems which arise where the court has "reason to believe" an individual is an addict. If an individual states he is an addict and is not otherwise ineligible, the statute provides for a referral in order for the trial court to have the assistance of expert information in making his decision. It is only after this referral that the statute provides for a determination *by the court* as to whether defendant is an addict or is likely to be rehabilitated.

> "* * * If the individual elects to undergo treatment or is certified for treatment, the court *shall* order an examination by the Department * * *. If the court, *acting on the report* and other information coming to its attention, determines that the individual is *not* an addict * * *, the court shall proceed to pronounce sentence as in other cases." (Emphasis ours.) Ill. Rev. Stat. 1975, ch. 91½, par. 120.10.

The State, however, urges that the use of the word "may" in the first sentence of section 10 connotes discretion at the first stage of the proceedings. We disagree. The statute provides for a factual determination of defendant's status as an addict only after the court has received the report from the Department of Mental Health. Our conclusion is substantiated by the public policy behind the Act as stated by the legislature in section 2 of the Act. (Ill. Rev. Stat. 1975, ch. 91½, par. 120.2.) The Act embodies a medico-social approach to drug abuse. (*People v. Robinson.*) To that purpose, those medical professionals, who are attempting to reclaim drug abusers and deal with these issues daily, are given an early opportunity to place their expert knowledge before the court.

The State points to language in our opinion in *People v. Dill*, which states that the trial court has discretion to invoke the procedural provisions of the Act. The question presented in the case at bar was not presented in *Dill*. In *Dill* the problem was that the trial court failed to exercise his discretion under the Act apparently because of ignorance of its applicability. This was a common problem in the years just after the Act was passed in 1971. See *People v. Robinson; People v. Stickler* (1975), 31 Ill. App. 3d 726, 334 N.E.2d 471; *People v. Elsner* (1975), 27 Ill. App. 3d 957, 327 N.E.2d 592; *People v. Melson* (1976), 36 Ill. App. 3d 71, 343 N.E.2d 258.

■■ The final decision as to whether defendant is a proper person for treatment under the Act is for the trial court, whose discretion is not eliminated by the opinions, examinations or evaluations of experts.

(*People v. Moore* (1977), 46 Ill. App. 3d 313, 360 N.E.2d 995.) Nevertheless, the assistance of experts is mandated where the defendant states he is an addict and he is not otherwise ineligible.

The second question raised on appeal concerns the sentence imposed, but in view of our disposition of the capstone issue and ultimate remand, that question is now moot.

The third issue is whether the court erred in denying credit for time served on probation when it sentenced defendant for attempt burglary, and the People have conceded the error under the rule in *People v. Willingham* (1976), 38 Ill. App. 3d 612, 349 N.E.2d 120.

Accordingly, these causes are reversed and remanded for further proceedings under the Dangerous Drug Abuse Act. We express no opinion as to whether or not defendant should be admitted to the treatment program, as that decision is within the discretion of the trial court.

The judgments are affirmed, the sentences are vacated, and the causes remanded for further proceedings not inconsistent with the views herein expressed.

Judgments affirmed, sentences vacated and causes remanded with directions.

CRAVEN, P. J., and REARDON, J., concur.