(No. 49169.—

# THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. JOHNNIE WARREN, Appellant.

*Opinion filed November 30, 1977.*

622

James J. Doherty, Public Defender, of Chicago (James L. Rhodes and Suzanne M. Xinos, Assistant Public Defenders, of counsel), for appellant.

William J. Scott, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chicago (Donald B. Mackay and Raymond J. McKoski, Assistant Attorneys General, of Chicago, and Laurence J. Bolon and Linda Dale Woloshin, Assistant State's Attorneys, of counsel), for the People.

MR. JUSTICE UNDERWOOD delivered the opinion of the court:

Defendant, Johnnie Warren, was convicted of possession of a controlled substance in a bench trial in the circuit court of Cook County. That court denied defendant's petition to elect treatment under the Dangerous Drug Abuse Act (Ill. Rev. Stat. 1973, ch. 91½, par. 120.1 *et seq.*) prior to trial and again prior to sentencing, and sentenced him to a term of 1 to 3 years' imprisonment. The Appellate Court for the First District affirmed (43 Ill. App. 3d 1064), and we allowed defendant's petition for leave to appeal.

A single issue of statutory construction is presented: Can a defendant in a criminal case who is eligible for and elects to receive treatment under section 8 of the Dangerous Drug Abuse Act (Ill. Rev. Stat. 1973, ch. 91½, par. 120.8) compel the trial court to order his examination by the Department of Mental Health and Developmental Disabilities (hereinafter referred to as the Department) under section 9 of the Act (Ill. Rev. Stat. 1973, ch. 91½, par. 120.9) and consider the report of that examination prior to the court exercising its discretion and denying the defendant's petition for treatment?

Section 8 of the Act reads as follows:

"An addict charged with or convicted of a crime is eligible to elect treatment under the supervision of the Department instead of prosecution or probation, as the case may be, unless (a) the crime is a crime of violence, (b) the crime is a violation of Sections 401, 402(a), 405 and 407 of the Illinois Controlled Substances Act, enacted by the 77th General Assembly, or Sections 4(d), 5(d), 7, or 9 of the Cannabis Control Act, enacted by the 77th General Assembly, (c) the addict has a record of 2 or more convictions of a crime of violence, (d) other criminal proceedings alleging commission of a felony are pending against the addict, or (e) the addict is on probation or parole and the appropriate parole or

probation authority does not consent to that election, or (f) the addict elected and was admitted to a treatment program on two prior occasions within any consecutive two year period. An eligible addict may not be admitted to a treatment program, however, unless the authorities concerned consent as hereinafter set forth." (Ill. Rev. Stat. 1973, ch. 91½, par. 120.8.)

Section 9 of the Act provides:

"If a court has reason to believe that an individual charged with a crime is an addict or the individual states that he is an addict and the court finds that he is eligible to make the election provided for in Section 8, the court may advise him that the prosecution of the charge may be continued if he elects to submit to treatment and is accepted for treatment by the Department. In offering an individual an election, the court shall advise him that (a) if he elects to submit to treatment and is accepted, he may be placed under the supervision of the Department for a period not to exceed 2 years; (b) during treatment he may be confined in an institution or, at the discretion of the Department, he may be released for supervised aftercare treatment in the community; (c) if he completes treatment, the charge will be dismissed, but if he does not, prosecution on the charge may be resumed; (d) such an election constitutes a formal waiver of the right to a speedy trial, as preserved by Article 2, Section 9 of the Constitution of Illinois and by Section 103—5 of the Code of Criminal Procedure and (e) to make such an election, he must waive a jury trial and consent to a trial by the court with the general finding to be entered by the court to be deferred until such time as prosecution is authorized under this Section to be resumed.

If the individual elects to undergo treatment, the court shall order the Department to conduct an examination of the individual to determine whether he is an addict and is likely to be rehabilitated through treatment. The Department shall report to the court the results of the examination and recommend whether the individual shall be placed under supervision for treatment. If the court, acting on the report and other information coming to its attention, determines that the individual is not an addict or that he is an addict not likely to be rehabilitated

through treatment, the individual may be held to answer the charge. If the court determines that the individual is an addict and is likely to be rehabilitated through treatment, the court, unless the State's Attorney consents to defer trial until such time as prosecution is authorized under this Section to be resumed, shall, without a jury, conduct the trial of the individual but may, with the consent of the State's Attorney, defer entering its general finding respecting that individual until such time as prosecution is authorized under this Section to be resumed and place him under the supervision of the Department for treatment for a maximum of 2 years and may require such progress reports on the individual as the court finds necessary. No individual may be placed under the supervision of the Department for treatment under this Section unless the Department accepts him for treatment.

Whenever an individual is placed under the supervision of the Department for treatment under this Section, the criminal charge against him shall be continued without final disposition and shall be dismissed if the Department certifies to the court that the individual has successfully completed the treatment program. If, by the expiration of the period, the Department has not been able to certify that the individual has completed his treatment program, the pending proceeding may be resumed. If, however, the court believes that the individual will complete his treatment on a voluntary basis, it may, in its discretion, dismiss the criminal charge. If, before the supervisory period expires, the Department determines that the individual cannot be further treated as a medical problem, it shall so advise the court. The court shall thereupon terminate the supervision, and the pending criminal proceeding may be resumed. Whenever a criminal proceeding is resumed, time spent in institutional care shall be deducted from any sentence imposed." Ill. Rev. Stat. 1973, ch. 91½, par. 120.9.

Our appellate court decisions emphasize and the parties agree that the grant or denial of treatment under this act is controlled by the sound discretion of the trial court. (See *People v. Killion* (1977), 50 Ill. App. 3d 433,

435; *People v. Myers* (1976), 36 Ill. App. 3d 458, 463; *People v. McCoy* (1975), 29 Ill. App. 3d 601, 605, *aff'd on other grounds* (1976), 63 Ill. 2d 40; *People v. Dill* (1974), 23 Ill. App. 3d 503, 506; *People v. Robinson* (1973), 12 Ill. App. 3d 291, 294.) The defendant further concedes, as our appellate court has held, that the first paragraph of section 9 permits the trial court to exercise its discretion in determining initially whether to advise the defendant of the provisions of the Act or offer him an opportunity to elect to be treated under the Act. (*People v. Ruffin* (1977), 46 Ill. App. 3d 448, 454; *People v. McLean* (1975), 33 Ill. App. 3d 965, 969-70; *People v. Dill* (1974), 23 Ill. App. 3d 503, 506; *People v. Robinson* (1973), 12 Ill. App. 3d 291, 293.) Our appellate courts are not in harmony, however, as to whether a defendant may compel his examination by filing a petition electing treatment under the Act notwithstanding the trial court's determination not to offer the defendant an opportunity to elect such treatment. Compare *People v. Ruffin* (1977), 46 Ill. App. 3d 448, *People v. Norris* (1976), 42 Ill. App. 3d 301, and *People v. Dill* (1974), 23 Ill. App. 3d 503, 506, with *People v. Killion* (1977), 50 Ill. App. 3d 433, *People v. Moore* (1975), 31 Ill. App. 3d 653, and *People v. McCoy* (1975), 29 Ill. App. 3d 601, *aff'd on other grounds* (1976), 63 Ill. 2d 40.

In our judgment the purpose of the Act is to create an alternative to criminal prosecution for the use of trial judges hearing criminal cases involving defendants who are narcotics addicts and as to whom the trial judge believes treatment under the Dangerous Drug Abuse Act might be a viable solution. Section 8 specifies the eligibility requirements, and the first paragraph of section 9 provides that if the court has reason to believe, or the defendant informs the court, that he is an addict and is eligible for the treatment program, the court "may" inform him that he can elect to submit to treatment. In the event the court

determines to offer a defendant this alternative, it "shall" inform him of the consequences of a decision accepting it. Only, in our opinion, when the defendant has first been offered and has chosen that possible alternative do the provisions of the second paragraph regarding the departmental examination come into operation. Defendant emphasizes the first sentence of the second paragraph of section 9, which reads: "If the individual elects to undergo treatment, the court shall order the Department to conduct an examination of the individual to determine whether he is an addict and is likely to be rehabilitated through treatment. The Department shall report to the court the results ***." He argues that this language unequivocally requires the court to order an examination upon request by a defendant who meets the eligibility requirements of section 8. Since defendant here filed a pretrial petition indicating his eligibility for treatment under the Act and his election to receive such treatment, and requested an examination by the Department and a court hearing, defendant urges the court erred in refusing to order the examination.

If we were to accept the defendant's contention that the court may not exercise its discretion prior to a hearing which follows receipt of a report of the departmental examination, we would in effect excise from the Act the first paragraph of section 9. That paragraph, in our judgment, expresses the legislative intent to vest the trial court with discretion regarding treatment under the Act. It is a fundamental rule of statutory construction that each provision must, if possible, be given some reasonable meaning. (*Coalition for Political Honesty v. State Board of Elections* (1976), 65 Ill. 2d 453, 466; *Hirshfield v. Barrett* (1968), 40 Ill. 2d 224, 230, *cert. denied* (1969), 393 U.S. 1062, 21 L. Ed. 2d 706, 89 S. Ct. 716.) The defendant suggests that the first paragraph serves as a discretionary notice provision, *i.e.*, a court may in its discretion advise a

defendant who is unaware of the benefits of the Act of the alternatives available to him. It does not seem to us, however, either logical or reasonable to assume that, if the legislature intended to vest in the defendant an absolute right to an examination, it would have made explanation of that right discretionary. We will not presume the legislature intended such an illogical result. *Halberstadt v. Harris Trust & Savings Bank* (1973), 55 Ill. 2d 121, 128.

There are other difficulties with defendant's argument. It overlooks what seems to us the major purpose of the examination. The Act specifically provides in sections 8, 9 and 10 (Ill. Rev. Stat. 1973, ch. 91½, pars. 120.8, 120.9, 120.10) that no person shall be admitted to the treatment program or placed under the supervision of the Department without its consent. Examination by the Department of an eligible addict affords it an opportunity to determine whether it is willing to undertake his treatment and supervision. While a report of the results of that examination may well prove helpful to the court in reaching a final conclusion, the examination itself is essential to the Department if it is to make an informed, intelligent judgment regarding its capacity and potential helpfulness to the defendant.

Acceptance of defendant's argument would, of course, compel a trial judge to order a departmental examination whenever an eligible addict requested examination even though the judge was convinced the defendant should not be afforded the benefits of the Act. In this case the trial judge, who had apparently become familiar, during an in-chambers discussion, with defendant's past history of drug offenses and imprisonment for both sales and possession, repeatedly indicated his belief that, if found guilty, defendant should be sentenced to imprisonment where a program for addicts which the judge referred to as the "Dart program" would be available to him. For us to hold that, in circumstances such as these, a trial court must

still require a departmental examination would result in a waste of the Department's limited resources.

We do not imply, of course, that a trial court has unlimited discretion in denying a petition seeking treatment under the Act. That denial will remain subject to judicial review, and the record must reflect that the trial judge exercised his discretion and did not abuse it or act in a purely arbitrary manner. (*People v. Melson* (1976), 36 Ill. App. 3d 71, 74; *People v. Newlin* (1975), 31 Ill. App. 3d 735, 740.) It is clear here that the court did not abuse its discretion in denying the benefits of the Act, and we do not understand the defendant to seriously argue to the contrary. In fact it seems to us entirely clear that the trial judge's ultimate denial here would be affirmed even had an examination been ordered and a favorable report been received.

It is our opinion, as earlier indicated, that the legislative purpose was to establish a departmental treatment program to which certain drug addicts, whose eligibility under section 8 was established, could be admitted in those cases in which the trial court determined that such disposition would be in the best interests of the defendant and society and the Department consented. Once the court has made that tentative determination and the defendant has elected to proceed in that manner, the departmental examination is to be ordered for the purpose of securing its consent and recommendations. But where the court has determined, for reasons sufficient to remove that decision from the area of arbitrary action, that disposition under the Dangerous Drug Abuse Act is not desirable, a defendant has no right to compel his examination.

The judgment of the appellate court is accordingly affirmed.

*Judgment affirmed.*