THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
ERNEST YOUNG, Defendant-Appellant.

First District (3rd Division)   No. 78-644

Opinion filed May 16, 1979.

James J. Doherty, Public Defender, of Chicago (Sam Majerowicz, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Paul C. Gridelli, and David W. Borenstein, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Defendant, Ernest Young, was charged with armed robbery. After a trial without a jury, he was found guilty of robbery and was sentenced to 3 to 9 years. The sole issue on appeal is whether the trial court failed to exercise its discretion by not considering defendant's eligibility to be treated under the Dangerous Drug Abuse Act. Ill. Rev. Stat. 1977, ch. 91½, pars. 120.1-120.29.

At the hearing in aggravation and mitigation, defense counsel informed the trial court that defendant was a drug addict and described his drug history. The presentence investigation report also indicated a drug related history. Defendant had prior convictions for possession of heroin, of marijuana, and of a hypodermic needle. After the conviction for possession of heroin, defendant had been placed in a drug abuse program. The presentence report contained the information that defendant "experienced the frequent use" of various drugs. Prior to sentencing, defendant attempted to request a sentence which would

enable him to go to a hospital to take care of his problems, but the court told defendant that whatever problems he had would be taken care of in the penitentiary. At the time of sentencing, defendant had been in custody at Cook County jail for nearly eight months.

Section 9 of the Dangerous Drug Abuse Act provides that "[i]f a court has reason to believe that an individual charged with a crime is an addict or the individual states that he is an addict" and the court finds he is eligible to elect treatment under the Act, then "the court may advise him that the prosecution of the charge may be continued if he elects to submit to treatment and is accepted for treatment" by the Department of Mental Health. In the event of such an election, "the court shall order the Department to conduct an examination of the individual to determine whether he is an addict and is likely to be rehabilitated through treatment." (Ill. Rev. Stat. 1977, ch. 91½, par. 120.9.) Although the Act vests discretion in the trial court as to whether or not to offer a defendant an opportunity to be sentenced under its provisions, our supreme court has held that the record must show the trial court has, in fact, exercised its discretion where defendant is eligible for treatment under the Act and the court "has reason to believe" that defendant is an addict. *People v. Warren* (1977), 69 Ill. 2d 620, 373 N.E.2d 10.

Initially we note that robbery is an offense for which defendant may be eligible to be treated under the Dangerous Drug Abuse Act. (*People v. McCoy* (1976), 63 Ill. 2d 40, 344 N.E.2d 436). Yet the record in the present case does not reflect that the trial judge heeded the *Warren* mandate and exercised his discretion by considering whether defendant was an addict and would be helped by treatment under the Act, and the State apparently so concedes. The State argues, however, that the trial court could have found it did not "have reason to believe" defendant was an addict.

The State maintains that since defendant was in custody for nearly eight months up to the time of sentencing, apparently functioning without hardship and without drugs, the judge would not have had reason to believe defendant was an addict. We do not believe that mere incarceration in a penal institution renders a person cured of drug addiction. (See *People v. Robinson* (1973), 12 Ill. App. 3d 291, 297 N.E.2d 621.) The only authority cited by the State for that proposition, *People v. Morgan* (1977), 50 Ill. App. 3d 962, 365 N.E.2d 1362, does state as dictum that since the defendant had been in jail for four months, presumably without drugs, the court would not have to believe he was an addict. That observation, however, was not the basis for the court's ruling that the trial court did not have to exercise its discretion under the Act. Moreover, in that case, the defendant had informed the probation officer that he had not used drugs for 14 months and was in good health.

In the present case, defense counsel stated to the court that defendant was an addict. The presentence report recited that defendant frequently used drugs and also listed his previous convictions for drug related offenses. While defendant did not state that he was an addict, he attempted to inform the court he wished hospitalization for his problems. The record clearly demonstrates that the court was placed on notice of defendant's drug addiction problems. (See *People v. Ruffin* (1977), 46 Ill. App. 3d 448, 361 N.E.2d 49.) The cause must be remanded for a new sentencing hearing, during which the trial court should determine whether defendant is otherwise eligible for treatment under the Act and then exercise its discretion whether it shall admit defendant for treatment.

Accordingly, the judgment of conviction of the circuit court of Cook County is affirmed. The sentence is vacated and the cause is remanded for further proceedings under the Dangerous Drug Abuse Act.

Judgment affirmed; sentence vacated and cause remanded.

SIMON, P. J., and McGILLICUDDY, J., concur.