THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
MARK HARRIS, Defendant-Appellant.

Second District   No. 77-595

Opinion filed February 27, 1979.

Mary Robinson and Mark Schuster, both of State Appellate Defender's Office, of Elgin, for appellant.

Daniel Doyle, State's Attorney, of Rockford (Phyllis J. Perko, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:

The defendant was convicted of armed robbery and sentenced to a term of 4 to 8 years. He appeals, contending that the trial court erred when it failed to suppress his confession.

On August 6, 1976, two men with nylons pulled over their faces,

armed with a revolver, robbed the Disco Gas Station in Rockford. An off-duty police officer observed the two leave the scene and pursued them. He captured Timothy Chapman, one of the two subjects. Chapman subsequently implicated the defendant.

At 9:45 the next morning the defendant was arrested and taken to the police station. At approximately 10:45 a.m., Officers Anderson and Salomone began to interview the defendant. They read the defendant his rights from a "rights' waiver" form and ascertained that the defendant understood each of his rights. When the officers asked the defendant to sign the "rights' waiver," the defendant responded that although he understood his rights and would talk to the officers, he did not want to sign anything. The defendant initially denied any involvement in the robbery. The officers changed the subject and spoke to the defendant about his "life style," his involvement with drugs, his past record and the possibility that he could receive treatment for his drug problem. The defendant admitted that he was a heroin addict, and the officers told him that "a number of programs" were available to help with his drug problem and that, "the only way this type of a program would ever be effective would be if [the defendant] was willing to turn his life around and take advantage of what was available."

After an hour and 50 minutes, the defendant told the officers that he "realized his problems," wanted help, and for that reason would tell the truth about the armed robbery. The officers told the defendant that before he said anything, they wanted to once again advise him of his constitutional rights. A "rights' waiver" form was read to the defendant, and this time he signed it. The officers told the defendant that his drug problem would be noted in their report, would be sent to the State's Attorney, and that the court would help him with his drug problem. The officers also told the defendant that an armed robbery conviction carried with it a mandatory sentence to a term in the penitentiary and erroneously stated that the defendant, "could do 1 to more years" on the armed robbery charge; armed robbery, in fact, carries a minimum term of 4 years. Ill. Rev. Stat. 1977, ch. 38, par. 18.2; Ill. Rev. Stat. 1977, ch. 38, par. 1005—8—1(c)(2).

■■ The defendant contends that his confession was involuntary. To support this conclusion, he relies in part on his testimony that he had injected heroin just 10 hours before the interrogation began and had neither slept nor eaten for two days prior to his arrest. However, the defendant contradicted his testimony regarding the use of heroin, for at another point he testified that he had last used heroin two days before he was arrested. Under cross-examination, he admitted that he had read the written confession before he signed it. Further, the officers testified that throughout their interview with the defendant, the defendant was

attentive and never appeared to be "nodding off," or "staring into space." Under these circumstances, the trial court was not bound to find that the defendant's confession was involuntary by reason of drug intoxication. See, *e.g., People v. Jones* (1978), 65 Ill. App. 3d 1033.

■■ The defendant also argues that the interrogating officers' representations regarding the availability of drug treatment programs and their misstatement of the minimum sentence for armed robbery amounted to broken promises of leniency which prevented him from making a knowing and intelligent waiver of his rights. We disagree. At the outset, we observe that there is nothing in the record to indicate that the officers were engaging in a subterfuge, or intentional misrepresentation. While it is true that the defendant was not eligible for sentencing and treatment under the Dangerous Drug Abuse Act (Ill. Rev. Stat. 1977, ch. 91½, par. 120.1 *et seq.; People v. McCoy* (1976), 63 Ill. 2d 40), he has made no showing that he will be denied access to other drug abuse programs operated within or in conjunction with the Department of Corrections. Although the officers discussed the defendant's need for help with his drug problem, they testified that they made no promises to the defendant and, in fact, informed him that an armed robbery conviction would mandate a term of imprisonment in the penitentiary. While the officers misstated the minimum sentence for armed robbery, they never advised the defendant that he would receive the minimum sentence, and the defendant did not even mention the officers' statement that the defendant would "do 1 to more years," when he testified at the suppression hearing. Thus, there is nothing in the record which indicates that the officers' statement about the prison term was a material factor in the defendant's decision to waive his rights and confess. The defendant was 21 years old and it is clear from his prior record of conviction that he was no stranger to the criminal justice system. Under these circumstances, we cannot hold that the trial court's finding that the defendant's confession was freely and voluntarily given was against the manifest weight of the evidence. *People v. Houston* (1976), 36 Ill. App. 3d 695, *cert. denied sub nom. Gibson v. Illinois* (1977), 429 U.S. 1109, 51 L. Ed. 2d 562, 97 S. Ct. 1143. Compare *People v. Carroll* (1977), 50 Ill. App. 3d 946, 948 (interrogating officer's statement that if defendant confessed, "there was no reason why we couldn't recommend a low bond," held not to render subsequent confession involuntary).

For the foregoing reasons, the judgment of the circuit court of Winnebago County is affirmed.

Judgment affirmed.

GUILD, P. J., and LINDBERG, J., concur.