**People of the State of Illinois, Defendant in Error, v. William Hutchinson, Plaintiff in Error.**

**Gen. No. 49,548.**

First District, First Division.

June 22, 1964.

Louis M. Leider, of Chicago, for plaintiff in error.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Lester A. Bonaguro, Assistant State's Attorneys, of counsel), for defendant in error.

MR. PRESIDING JUSTICE MURPHY delivered the opinion of the court.

In a bench trial, defendant was found guilty of the crime of burglary, and he was sentenced to the penitentiary for a term of not less than one year nor more than three years. The indictment charged that defendant "maliciously and without force" entered the home of Classon Rieger, with intent to steal, take and carry away the personal goods, chattels, money and property of the owner. Defendant brings this writ of error, asserting that the evidence did not establish his guilt beyond a reasonable doubt.

The record shows that at about 3:15 in the afternoon of October 12, 1961, defendant, William Hutchinson, was seen in the kitchen of the home of Classon Rieger, 936 North Taylor, Oak Park, Illinois, where he remained for about five minutes. The place was not ransacked, and nothing was missing. Defendant did not testify.

The sole issue here is the sufficiency of the evidence to establish, beyond a reasonable doubt, that defendant entered the Rieger home with a criminal intent. The gravamen of the offense of burglary is the intent with which the building is entered. People v. Myler, 374 Ill 72, 28 NE2d 83 (1940).

Witnesses for the State include a neighbor, Merle Gehrke, who, while working in his garage across the alley from the Rieger home, saw defendant park a Buick automobile and walk into the Rieger backyard with a book in his hand. Gehrke walked across the alley and saw defendant in the Rieger kitchen. Gehrke, after writing down the car license number, telephoned

239

the Rieger home. The phone rang about four times. The record indicates no one answered. Edward McNevin, a serviceman working with Gehrke at the time, saw defendant enter and leave the Rieger gangway within a period of "about five minutes at the most."

Mrs. Rieger testified she had been on the front porch for about fifteen or twenty minutes and, after a conversation with Gehrke, she later called the police and reported that a stranger had been in her house without permission. She further testified that there was a screen door to a screened-in porch, which was closed but not locked, and the door to the rear entrance of the house itself was opened against the wall. The police arrived at about 5:30 p. m., and, using the license number noted by Gehrke, located the Buick automobile in front of the residence of defendant and arrested him after he entered the car with his wife and two children. Defendant admitted to the arresting officer that the automobile was his and denied he had been in Oak Park that day. Defendant was subsequently identified in a line-up by Gehrke and McNevin.

Defendant argues that the facts of the record fail to show any "felonious intent" and that "the most that is shown is a simple trespass of 'just a matter of seconds.' Nothing was taken or disturbed. Of extreme significance is the fact that the trespasser left the premises without being disturbed, intercepted or discovered. . . . that fact actually negatives the idea that he had any felonious intent."

 The crime of burglary is complete upon the entering with intent to steal, and it is not essential to allege or prove that anything was taken (People v. Figgers, 23 Ill2d 516, 519, 179 NE2d 626 (1962)), and that intent, in a burglary case, may be inferred from the proven facts and circumstances (People v. Niksic, 385 Ill 479, 483, 53 NE2d 400), but, it is essential to a conviction upon circumstantial evidence that the

facts proved be not only consistent with the defendant's guilt, but that they be inconsistent, upon any reasonable hypothesis, with his innocence. People v. Wilson, 400 Ill 461, 473, 81 NE2d 211 (1948).

The State relies principally on People v. Johnson, 28 Ill2d 441, 192 NE2d 864 (1963), where the defendant's primary contention also was that the proof did not establish "beyond a reasonable doubt that he entered the premises with intent to commit larceny." The facts in that case show that the witnesses, Mr. and Mrs. Emil Van Poecke, who lived close to a tavern, were awakened at about 3:00 a. m. by their dog. Mr. Van Poecke looked out and saw two men in the vicinity of the tavern. Mrs. Van Poecke telephoned the police, and her husband saw a man enter the tavern through the door, where glass was broken. When the police arrived, the defendant jumped out of the doorway, swinging a lug wrench wrapped in cloth at one of the police officers. He was subdued and placed under arrest. The owner of the tavern testified that apart from broken glass and debris, he found nothing unusual about the premises, and that he was "almost sure that there was no merchandise missing." There, too, the defendant did not testify. The Supreme Court, in upholding a jury verdict for the conviction of burglary, said (p 443):

> "Intent must ordinarily be proved circumstantially, by inferences drawn from conduct appraised in its factual environment. We are of the opinion that in the absence of inconsistent circumstances, proof of unlawful breaking and entry into a building which contains personal property that could be the subject of larceny gives rise to an inference that will sustain a conviction of burglary. Like other inferences, this one is grounded in human experience, which justifies the assumption that the unlawful entry was not purposeless, and,

241

in the absence of other proof, indicates theft as the most likely purpose. This conclusion is supported by the decisions of other courts. . . ."

We are not prepared to say that the facts in the instant case called for the application of the pronouncements in People v. Johnson. We believe there are enough "inconsistent circumstances" here to negate the inference of an intent to commit larceny sufficient to sustain a conviction of burglary.

 With all the evidence for the State considered, it is not of that convincing character that satisfies the mind. On this record there is a reasonable doubt of the guilt of defendant. If the conviction is to be sustained, it must rest on the strength of the State's case and not on the weakness of defendant's. People v. Coulson, 13 Ill2d 290, 296, 149 NE2d 96 (1958).

 The conduct of defendant in spending five minutes in the kitchen of a home which he entered without the permission of the owner cannot be excused, yet the other facts in the case raise a serious doubt as to his intent. The occurrence happened in mid-afternoon, after defendant overtly parked his own car, which bore his own license plates, directly in the rear of the home he entered, in full view of two men, without any apparent attempt at disguise, and then left the home in an orderly manner. The home was not ransacked, and nothing was missing. We believe these facts are sufficient to raise a reasonable doubt of the guilt of defendant and require the application of the "maxim of our law that where an act may be attributed to a criminal or to an innocent cause it will be attributed to the innocent cause rather than to the criminal one." People v. Wilson, 400 Ill 461, 475, 81 NE2d 211.

For the reasons stated, the conviction is reversed.

Reversed.

BURMAN and KLUCZYNSKI, JJ., concur.