THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LARRY SIMMS, a/k/a Danny Sims, Defendant-Appellant.

First District (2nd Division)   No. 77-1051

Opinion filed May 16, 1978.

Ralph Ruebner and Gordon Berry, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, Mary Ann Callum, and Stephen D. Ferrone, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE BROWN delivered the opinion of the court:

Defendant, Larry Simms, was found guilty of burglary after a bench trial in the circuit court of Cook County, and he was sentenced to a term of 4 to 12 years. The issue presented for review is whether the trial judge erred in failing to indicate on the record that he exercised his discretion in determining that defendant should not have been given treatment under the Dangerous Drug Abuse Act.

At trial, it was stipulated that Annie Booker left her apartment on June 1, 1976, at about 8 a.m. and went to work. She returned at about noon after being notified that the burglar bars outside her apartment door had been ripped away. Upon returning, she discovered a television set which was engraved with her name and birthdate, some pots and pans and

money that had been in a piggy bank were missing from the apartment. At about 1:30 p.m., she met with two police officers and identified her television set, pots and pans and an amount of money.

Officer Poli testified that at about 1:30 p.m. on June 1, 1976, he and his partner were in an unmarked squad car when he observed defendant and Morris Mason walking together. Mason was carrying a box in his arms and defendant was carrying a sack over his shoulder with an antenna sticking out of it. Upon stopping defendant, defendant told him he worked at Zenith and had gotten the television set from there. However, upon further investigation he discovered the television was a Philco with the name Annie Booker engraved on it, and the box carried by Mason contained pots and pans.

Defendant testified that at about 1:30 p.m. on June 1, 1976, he received a telephone call from Morris Mason and went to the Westlane Hotel at 4602 West Washington, where Mason lived. Mason told him he had a television set and pots and pans he would like to sell at a cab stand about two blocks from the hotel and defendant agreed to help him carry the merchandise. Defendant stated he was stopped by the officer shortly after walking out of the hotel and denied having gone to Annie Booker's apartment. He stated he did not know there was anything engraved on the television set because it was in the sack and denied telling the police officers that it was a Zenith set which he had gotten where he worked.

Defendant contends the trial court erred in failing to consider the possibility of sentencing him under the provisions of the Dangerous Drug Abuse Act (Ill. Rev. Stat. 1975, ch. 91½, par. 120.1 *et seq.*). He suggests the court was on notice as to his problem with drugs because the presentence investigation report indicated he had a heroin habit from 1973 until 1976, had been in one drug program and had expressed an interest in another. It was also brought out that at the hearing in aggravation and mitigation he had been convicted of possession of a hypodermic needle, a charge associated with the use of drugs.

It is possible to infer from the remarks of the trial judge and the relatively lengthy sentence imposed that the court considered and rejected a disposition under the Dangerous Drug Abuse Act. However, in *People v. Warren* (1977), 69 Ill. 2d 620, 373 N.E.2d 10, our supreme court held that the exercise of discretion in denying defendant treatment under the Act must be reflected in the record.

· The State contends defendant is ineligible for treatment under the Act because he was on probation and there is no showing that he obtained the consent of his probation officer as required by section 8(e) of the Act (Ill. Rev. Stat. 1975, ch. 91½, par. 120.8(e)). This conclusion is supported by *People v. Morgan* (2d Dist. 1977), 50 Ill. App. 3d 962, 365 N.E.2d 1362,

and the supplemental opinion in *People v. Young* (2d Dist. 1977), 56 Ill. App. 3d 106, 371 N.E.2d 646. However, these cases are not persuasive because they rely on the holding in *People v. Phillips* (1977), 66 Ill. 2d 412, 362 N.E.2d 1037, which is expressly limited to the situation where defendant has been charged with a crime, but not convicted, and elects treatment under the Act instead of prosecution. 66 Ill. 2d 412, 415.

■■ In this case defendant has been convicted, and sentencing is exclusively the province of the trial court. The holdings in *Morgan* and *Young* which suggest that a probation or parole officer has authority with respect to a sentencing proceeding conflicts with *Phillips* and with *People v. Montana* (1942), 380 Ill. 596, 44 N.E.2d 569, wherein the court held unconstitutional a delegation of judicial power to impose sentence.

■■ Instead, we rely on *People v. Ruffin* (1st Dist. 1977), 46 Ill. App. 3d 448, 452-53, 361 N.E.2d 49, wherein the court held that the absence from the record of proof that defendant had obtained consent of probation authorities did not negate the requirement that the trial judge exercise his discretion on the record when considering treatment under the Act.

Therefore, we affirm the conviction but conclude that the sentence must be vacated and the cause remanded for a new sentencing hearing in conformity with this opinion.

Affirmed and remanded.

STAMOS, P. J., and PERLIN, J., concur.