THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
GAYLORD RICHARDSON, Defendant-Appellant.

Third District   No. 82—661

Opinion filed September 20, 1983.

HEIPLE, J., dissenting.

Robert Agostinelli, Verlin R.F. Meinz, and Jean Herigodt, all of State Appellate Defender's Office, of Ottawa, for appellant.

Warren T. McNeill, State's Attorney, of Monmouth (John X. Breslin and Vicki R. Wright, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE ALLOY delivered the opinion of the court:

This is an appeal of a conviction for burglary.

The defendant, Gaylord Richardson, was arrested at the Eagles Club Building in Monmouth, Illinois, on April 16, 1982, at approximately 3 a.m. Richardson had entered the building by knocking in the paneling covering a window in the meeting room area of the building. This activated an alarm which alerted the Monmouth police department and Cecil Albert, a club trustee. Both the officers and Albert arrived at the Eagles Club quickly. The police officers searched the building, and discovered Richardson in a closet in the storage area of the club. He was placed under arrest. At some point, Richardson asked for the beer and cigarettes he had left in the barroom of the club.

Apart from the damage to the window, nothing in the club was disturbed and none of the club's property was missing or discovered on Richardson's person.

The defendant was tried, convicted of burglary and sentenced to 10 years in prison under the extended-term sentencing provisions of section 5—5—3.2 of the Unified Code of Corrections (Ill. Rev. Stat. 1981, ch. 38, par. 1005—5—3.2).

The defendant raises three issues on appeal. First, the defendant claims his conviction must be reversed because the State failed to prove beyond a reasonable doubt that the defendant entered the Eagles Club with intent to commit a theft. This intent upon entry is an essential element of the crime of burglary. (Ill. Rev. Stat. 1981, ch. 38, par. 19—1.) It is not necessary that anything be stolen for a burglary to occur. It is well established that a jury may infer the element of intent in a burglary case from the fact of illegal entry into a premises containing movable property which could be the subject of a theft. *People v. Johnson* (1963), 28 Ill. 2d 441, 192 N.E.2d 864.

It is a rare case where any direct evidence exists as to a defendant's state of mind at the point of entry. Yet the defendant here argues that the circumstantial evidence against him must be corroborated for the State to meet its burden of proof. This is not required by *Johnson*. All that is required is that there not be circumstances inconsistent with a reasonable inference of intent to commit theft. 28 Ill. 2d 441, 443.

The defendant also claims that the fact that nothing was taken or

disturbed on the premises constitutes the "inconsistent circumstances" contemplated in *Johnson* and cites *People v. Hutchinson* (1964), 50 Ill. App. 2d 238, 200 N.E.2d 416, in support of this assertion. In *Hutchinson*, the defendant entered and left a home in daylight, disturbing or removing nothing, and was apprehended sometime later. The Appellate Court for the First District of the State of Illinois found this completed sequence of actions without a theft occurring inconsistent with an inference of intent to commit theft upon entry.

■ Here Richardson was apprehended on the premises a short time after entering the club. The evidence shows that he had been in the barroom prior to the arrival of the officers and retreated to a closet in the storage area. The fact that no theft had occurred when the police arrived is at best inconclusive. It is not inconsistent with the reasonable inference that Richardson intended to commit a theft and would have done so but for the arrival of the police. See *People v. Hayes* (1973), 11 Ill. App. 3d 359, 296 N.E.2d 649.

This court finds that the State met its burden of proof. The conviction is affirmed.

■ The defendant raises two objections to the sentencing procedure in the court below. The first of these is that the court failed to advise him of his right to elect treatment under the Dangerous Drug Abuse Act. Ill. Rev. Stat. 1981, ch. 91½, par. 120.1 *et seq.*

A presentence report was prepared by the probation office in this case. The report was incorporated in the record of the case at the sentencing hearing and was before the court in pronouncing sentence. It contained the defendant's statement that he was a drug addict.

Section 10 of the Dangerous Abuse Act provides:

> "If a court has reason to believe that an individual convicted of a crime is an addict or the individual states that he is an addict and the court finds he is eligible to make the election provided for under Section 8, the court *shall* advise him that he may be placed on probation if he elects to submit to treatment and is accepted for treatment by a licensed program designated by the Commission. (Emphasis added.) (Ill. Rev. Stat. 1981, ch. 91½, par. 120.10.)

Prior to its amendment in 1979 this statute read "the court may advise him." Advising a defendant of his rights and options under this Act was within the trial court's discretion at that time. The 1979 amendment, substituting "shall" for "may," removed this discretion and required the trial court to advise the defendant of his option to elect treatment if the two conditions of the statute are met. See also *People v. Beasley* (1982), 109 Ill. App. 3d 446, 453, 440 N.E.2d 961,

966.

The first of these conditions is "a court has reason to believe that an individual is an addict *or* the individual states that he is an addict." The word "or" is a disjunctive. Either the defendant's statement or other evidence which would give the court reason to believe that he is an addict fulfills this condition; both are not required. If an individual states that he is an addict the court must accept that statement, and not make its own determination as to the truth of the statement. When the court said in *People v. Beasley* (1982), 109 Ill. App. 3d 446, 454:

> "We note that a mere statement by an eligible defendant that he is an addict entitles him to an advisement of the probation and treatment possibilities under the Act"

they were simply stating the plain English meaning of the statute.

The State, obviously distressed by the fact that the court must accept a defendant's "potentially self-serving statement" attempts to bring back a discretionary finding of addiction through the second condition of section 10:

> "the court finds that he is eligible to make the election provided for under Section 8."

They refer us to section 8:

> "An addict charged with or convicted of a crime is eligible to elect treatment under the supervision of a licensed program designated by the Commission instead of prosecution or probation, as the case may be, unless ***." (Ill. Rev. Stat. 1981, ch. 91½, par. 120.8.)

The State argues that the use of the word "addict" in this section is not simply a brief way of stating "an individual who has stated that he is an addict or has given the court reason to believe that he is an addict." Rather, they argue, the use of the word "addict" in section 8 requires the court to make a "threshold finding" apart from any requirements of section 10 that the defendant is, in fact, an addict.

We note first that to hold that section 8 requires a finding by the trial court that an individual is, in fact, an addict would render the conditions of the first paragraph of section 10 of the Act entirely superfluous. While such a result might please those who argue in its favor, it would be a poor reflection of legislative intent. The legislature also specifically assigned the task of determining whether an individual is, in fact, an addict to medical personnel qualified to make such a determination. The second paragraph of section 10 reads:

> "If an individual elects to undergo treatment *** the court shall order an examination by a licensed program designated by

the Commission *to determine whether he is an addict* and is likely to be rehabilitated through treatment." (Emphasis added.) (Ill. Rev. Stat. 1981, ch. 91½, par. 120.10.)

The decision whether the defendant is to be admitted into a licensed program as a treatable addict is within the discretion of those in charge of the licensed program. It is clear from the statutory language that this decision has two aspects. The first is whether the defendant is, in fact, an addict, and the second is whether he is likely to be rehabilitated by treatment. These are medical, not judicial, determinations. Little purpose would be served by a trial court's attempting to predict the outcome of blood, urine, and psychological tests, and nowhere does the legislature authorize the court to do so.

The State cites *People v. Jones* (1981), 97 Ill. App. 3d 619, and *People v. Knowles* (1977), 48 Ill. App. 3d 296, to support the proposition that the defendant's "bare assertion" that he is an addict is insufficient. These cases are not supportive of this proposition or the State's argument under section 8. In neither case did the defendant state that he was a drug addict. In *Knowles*, the defendant stated that he was an "ex-heroin addict" and in *Jones* the defendant made oblique references to having a "drug problem." The issue in both cases was whether, absent the defendant's statement that he was an addict, the court had "reason to believe" that he was an addict under section 10. Neither case makes any reference to a threshold finding of addiction under section 8.

The State also argues that *People v. Beasley* (1982), 109 Ill. App. 3d 446, 440 N.E.2d 961, recognizes that "the evidence presented to the trial judge must give the judge reason to believe the defendant is in reality an addict." Here the State uses the language of section 10 in an attempt to prove that the word "addict" in section 8 requires a separate finding of fact. The defendant in *Beasley* did not state that he was an addict at the time of the trial. The context of the recognition the State relies upon is:

> "We note that a mere statement by an eligible defendant that he is an addict entitles him to an advisement of the probation and treatment possibilities under the Act, and believe that consistent with this statutory scheme little should be required to give a court reason to believe defendant is an addict." 109 Ill. App. 3d 446, 454, 440 N.E.2d 961, 967.

In sum, the State is unable to cite any authority to support its assertion that the word "addict" in section 8 requires a threshold finding of addiction. There is nothing to indicate that anything more than the requirements outlined in section 10 is necessary to trigger

the provisions of the Act. We, therefore, hold that when a defendant states that he is an addict the provisions of the Drug Abuse Act are triggered. Any further determination of addiction is within province of the medical personnel designated by the legislature. It is not within the discretion of the court.

■ The State argues alternatively that Gaylord Richardson was on parole, did not have his parole officer's consent to elect treatment and was, therefore, ineligible under section 8(e):

> "An addict *** convicted of a crime is eligible to elect treatment *** unless *** (e) the addict is on probation or parole and the appropriate parole or probation authority does not consent to that election ***." (Ill. Rev. Stat. 1981, ch. 91½, par. 120.8(e).)

Case law places an affirmative obligation on a defendant who wishes to be eligible to elect treatment to obtain the consent of his parole officer and present evidence of this consent to the court. (See *People v. Kuesis* (1980), 83 Ill. 2d 402, 415 N.E.2d 323; *People v. York* (1980), 87 Ill. App. 3d 1026, 409 N.E.2d 525.

However, in *People v. Simms* (1978), 60 Ill. App. 3d 519, 377 N.E.2d 154, the Appellate Court for the First District correctly held that absence from the record of proof that the defendant obtained the consent of the requisite authorities does not eliminate the requirement that the record reflect the discretion of the trial court in considering the defendant's eligibility under the Act.

■ In considering disposition under the Act, in the instant case the trial court stated: "I find that the requisite factors to bring that into effect do not exist and have not been shown here." The State argues in its supplemental brief that "the trial judge obviously recognized the fact defendant was on parole, had not obtained consent, and was ineligible under Section 8 of the Act." Were this true, the requirements of the Act would have been fulfilled. However, this court does not, on the record, find any consideration of the defendant's parole status "obvious" from the trial court's statement. The court's statement seems more likely to be what the State first presumed it to be, a finding that Richardson was not an addict. Since no such finding was proper in this case, we must vacate the sentence and remand for resentencing consistent with the provisions of this Act.

■ The defendant's final objection to the procedure below is that he should not have been sentenced under the extended-term sentencing provisions of section 5—5—3.2 of the Unified Code of Corrections (Ill. Rev. Stat. 1981, ch. 38, par. 1005—5—3.2). This argument is based entirely upon the wording of section 5—5—3.2(b)(1), which al-

lows for extended term sentencing:

> "When a defendant is convicted of any felony, after having been previously convicted in Illinois of the same or greater class felony, within 10 years, excluding time spent in custody, and such charges are separately brought and tried and arise out of different series of acts." (Ill. Rev. Stat. 1981, ch. 38, par. 105—5—3.2(b)(1).)

The defendant argues that the words "separately brought and tried" mean that only convictions resulting from a bench or jury trial may be considered under the statute; not those which result from guilty pleas as the defendant's did. We find this argument without merit. The Second District Appellate Court, in considering this same issue in *People v. Baker* (1983), 114 Ill. App. 3d 803, 810, 448 N.E.2d 631, noted that "a proceeding in which a defendant's guilty plea is accepted by the trial court after establishing a factual basis for the plea is a trial." We would add only that defendant's arguments for leniency for defendant who plead guilty unpersuasive. A guilty plea may, in some cases, be a significant step toward rehabilitation. But where the record shows six prior felony convictions in the last seven years, it appears more likely that Richardson's guilty pleas were the product of careful plea bargaining, not remorse.

We find that the court correctly noted Richard's conviction on three counts of burglary in 1977 and his conviction for escape in 1978, as two instances of the defendant being convicted of the same or greater class felony within the 10-year period and that these charges were separately brought and tried. The court acted within its discretion in sentencing Gaylord Richardson under the extended term sentencing provision of section 5—5—3.2 of the Unified Code of Corrections (Ill. Rev. Stat. 1981, ch. 38, par. 1005—5—3.2).

The conviction is affirmed. The sentence is vacated and the case is remanded to the circuit court of Warren County for determination of the eligibility of Richardson under the Drug Abuse Act, and for sentencing.

STOUDER, P.J., concurs.

JUSTICE HEIPLE, dissenting:

The defendant, in his second issue, argues that his sentence should be vacated, and his cause remanded for resentencing, because the trial court neither advised the defendant of his right to elect treatment under the Dangerous Drug Abuse Act, nor referred him for evaluation under the Act, even though the defendant specifically

stated he was an addict. The majority opinion agrees with the defendant because it holds that "*** when a defendant states that he is an addict the provisions of the Dangerous Drug Abuse Act are triggered. Any further determination of addiction is within province of the medical personnel designated by the legislature. It is not within the discretion of the court. ***" Interestingly, the majority also finds it cannot review the sentencing issue because the record does not reflect the exercise of discretion concerning the application of the Dangerous Drug Abuse Act (Act), by the trial court. The majority is sending the case back to the trial court so that the trial court can evaluate, on the record, the factors of the Act which determine whether the Act is applicable to the defendant. I respectfully dissent. I believe the record is complete. The trial court did evaluate the necessary factors and rendered its decision on the record. Furthermore, I would hold the trial court was under no obligation to advise the defendant of the provisions of the Act or to have the defendant evaluated for treatment, and thus, did not err.

An examination of the applicability of the Act, to the instant case, must begin with a review of section 10 of the Act which provides, in relevant part, as follows:

> "If a court has reason to believe that an individual convicted of a crime is an addict or the individual states that he is an addict *and* the court finds that he is eligible to make the election provided for under Section 8, the court *shall advise* him that he *may* be placed on probation if he elects to submit to treatment and is accepted for treatment by a licensed program designated by the Commission." (Emphasis added.) Ill. Rev. Stat. 1981, ch. 91½, par. 120.10.

The majority notes that there are two conditions to the application of the advisement requirements of section 10. Yet, after reviewing *People v. Beasley* (1982), 109 Ill. App. 3d 446, as authority, the majority recognizes in effect only one condition to the application of the Act. The majority requires only that "*** a defendant state that he is an addict [in order for] the provisions of the Drug Abuse Act [to be] triggered ***." The majority misconstrues section 10. It is quite clear from the language of this section that the advisory requirements of the section are not activated until *two* conditions precedent are present. One, a court has reason to believe that an individual convicted of a crime is an addict or the individual states that he is an addict. Two, the court finds that he is eligible to make the election provided for under section 8. In the instant case, the defendant stated that he was an addict. Thus, the first condition was present. It is nec-

essary, then, to determine whether the second was present.

Section 8(e), in relevant part, provides as follows:

> "An addict *** convicted of a crime is eligible to elect treatment *** unless *** (e) the addict is on *** parole and the appropriate parole *** authority does not consent to that election ***." (Ill. Rev. Stat. 1981, ch. 91½, par. 120.8(e).)

The provisions of section 8 determine whether a defendant is *eligible to elect treatment* under the Act. The application of section 8 is also limited by two conditions precedent. One, the defendant must be, in fact, an addict. Two, the proper parole authority must consent to the election. The majority states the legislature did not intend to allow the trial court to determine whether a defendant is, in fact, an addict. The majority contends, first, that to so hold would render the conditions of section 10 superfluous and, second, that the task of determining whether an individual is, in fact, an addict was assigned by the legislature to medical personnel. I disagree with the first contention because section 8 clearly, and unequivocally refers to "an addict." Did the legislature say, in section 8, "reason to believe an addict" or "determined by medical personnel an addict" or "claims to be an addict"? No. The legislature said "an addict." The first condition of section 10 allows the court and/or the defendant an opportunity to raise the issue of addiction. Once the issue is raised, the trial court looks to section 8 and makes a factual determination of whether the defendant is, in fact, an addict. There is a reasonable and necessary progression of events. First, the issue is raised (via section 10); then, the court can make an initial finding as to the merits of the addiction allegation (via section 8); then, if the court believes the defendant is an addict and eligible to elect treatment (via section 8), the court can ask a licensed program to evaluate the defendant for possible treatment. Why should the court order an evaluation for treatment every time a defendant claims to be an addict? Why should the State and/or county of the court suffer the expense of an evaluation for treatment every time a defendant claims to be an addict? I would read section 8 to require a finding that the defendant is, in fact, an addict. Obviously, I also disagree with the majority's second contention and address this second point more fully at the end of my dissent. The trial court is fully competent to evaluate the testimony, the medical reports (if submitted) and "other information" and determine whether a defendant is, in fact, an addict.

In the instant case, the record indicates that there was extensive testimony, at a pretrial hearing, concerning the defendant's addiction problem, by the defendant and a guard at the jail where the defend-

ant resided. The defendant testified to a long history of drug use; but, the testimony could not compel one to conclude the defendant had an addiction problem. Mostly, the testimony showed the defendant had a severe drinking problem. The defendant presented no witness to testify to his drug addiction. The jailhouse guard testified he never noticed the defendant to have exhibited drug withdrawal symptoms. In sum, the record sufficiently demonstrates the defendant was not an "addict" within the meaning of the Act. (Ill. Rev. Stat. 1981, ch. 91½, par. 120.3—3.) Thus, the record supports the conclusion that the defendant was ineligible to elect treatment under the Act. *People v. Benedetto* (1981), 102 Ill. App. 3d 10, 20.

The defendant also did not satisfy the second condition of section 8, which is relevant to the case at hand. The defendant did not present the lower court with evidence of the proper parole authority's consent to the defendant's election under the Act. As the majority points out, the defendant has an affirmative obligation to provide such evidence to the trial court. This court has previously held that "[b]ecause the defendant's probation officer has not consented to his treatment under the Dangerous Drug Abuse Act, we find the defendant to be ineligible for such treatment and, therefore, decline to remand this cause for a new sentencing hearing merely to enable the sentencing judge to state, for the record, his reasons for denying the defendant the election for such treatment." (*People v. York* (1980), 87 Ill. App. 3d 1026, 1032.) Because the defendant, in the instant case, was unable to meet the conditions of section 8, the defendant was ineligible to elect treatment under the Act. Also, the failure to meet the requirements of section 8 meant the conditions precedent of section 10 were not present; consequently, the trial court was under no obligation to advise the defendant of the treatment alternatives available in the Act. Despite this clear evidence (or perhaps I should say clear lack of evidence favorable to the defendant) in the record in support of the decision of the lower court, the majority chooses to vacate the sentence. In effect, the court is reversing a correct decision by the trial court.

The rationale for the court's decision is that the record does not make clear the trial court's reasons in rejecting treatment under the Act. The majority notes that:

> "In considering disposition under the Act, in the instant case the trial court stated: 'I find that the requisite factors to bring that into effect do not exist and have not been shown here.' The State argues in its Supplemental Brief that 'the trial judge obviously recognized the fact defendant was on parole, had not

obtained consent, and was ineligible under Section 8 of the Act.' Were this true, the requirements of the Act would have been fulfilled. However, this court does not, on the record, find any consideration of the defendant's parole status 'obvious' from the trial court's statement. The court's statement seems more likely to be what the State first presumed it to be, a finding that Richardson was not an addict. Since no such finding was proper in this case, we must vacate the sentence and remand for resentencing consistent with the provisions of this Act."

The majority cites, in support of its holding, *People v. Simms* (1978), 60 Ill. App. 3d 519, 521, wherein the court held "that the absence from the record of proof that defendant had obtained consent of probation authorities does not negate the requirement that the trial judge exercises his discretion on the record when considering treatment under the Act." By its analysis, the majority is requiring specific and detailed findings of fact for each factor and is reversing the lower court because of his failure to explicitly state the findings in the record.

I disagree with the majority's holding for three reasons. One, the rule stated in *Simms* does not include a requirement that the trial court make a specific finding of fact in the record in order to satisfy the requirement that the exercise of discretion be reflected in the record. In *Simms*, the court was only able to infer that the trial court considered the Dangerous Drug Abuse Act, and held that there must be an on the record exercise of discretion by the trial judge. *Simms* relied upon *People v. Ruffin* (1977), 46 Ill. App. 3d 448, 452-53, wherein there was no mention on the record of the defendant's addiction problem or the Dangerous Drug Abuse Act and the court could not determine whether the trial judge exercised his discretion. The *Simms* court also relied upon the supreme court's decision in *People v. Warren* (1977), 69 Ill. 2d 620, 629, for the basic rule that the exercise of discretion in denying the defendant treatment under the Act must be reflected in the record. The *Warren* decision does not state what the trial court must say or what factors must be evaluated on the record. The purpose of this rule is to aid the higher court's review of the trial court's decision. It seems sufficient that there is an indication on the record that the judge considered the relevant section of the Act and exercised his discretion by saying whether he would apply the section or not. (*People v. Rohman* (1983), 117 Ill. App. 3d 55, 58.) In the instant case, the trial court did state the law at issue and its decision under that law. On appeal, this court can review the re-

cord and determine as a matter of law, from the facts and applicable law, as they appear in the record, whether the trial court abused its discretion.

Two, I disagree with the holding of the opinion because the statement of the trial judge on the record was a specific finding as to the application of the Act. The majority opinion does not fully quote the trial court's decision. The trial court stated that *"if it is the defendant's theory that he would qualify for commitment under the Mental Health Code, chapter 91½, paragraph 120.8,* I find that the requisite factors to bring that into effect do not exist and have not been shown here." (Emphasis added.) As discussed above, the application of section 8 to the defendant was a condition precedent to the application of section 10 to the defendant. It cannot be disputed that, in the case at hand, the lower court needed to consider only two factors when evaluating the applicability of section 8, which are as follows: Was the defendant an addict and did the parole authorities consent? The trial judge stated that "the requisite factors to bring that [section 8] into effect do not exist and have not been shown here." How much more specific must the trial court be? The two factors are not there. Does the record show otherwise? Unless the record does show otherwise, the decision of the trial court not to advise the defendant of the election provisions of section 10 should be affirmed.

Three, I disagree with the holding of the opinion because the trial court was, pursuant to the fourth sentence of the second paragraph of section 10, fully within its authority to completely avoid the application of section 10 to the defendant. The fourth sentence of the second paragraph provides as follows:

> "If the court, acting on the report and *other information* coming to its attention, determines that the individual is not an addict or is an addict not likely to be rehabilitated through treatment or that his addiction and the crime committed are not significantly related or that his *imprisonment or periodic imprisonment is necessary for the protection of the public, the court shall proceed to pronounce sentence as in other cases."*

(Emphasis added.) (Ill. Rev. Stat. 1981, ch. 91½, par. 120.10.) The trial court specifically found that "his [the defendant's] imprisonment is necessary for the protection of the public." Thus, even if section 10 was applicable to the defendant, the trial court was empowered to ignore the treatment provisions of section 10 and "pronounce sentence as in other cases."

The defendant also argues, and the majority agrees, the trial court erred in not ordering an evaluation of the defendant by a li-

censed program to determine whether the defendant was an "addict," within the meaning of section 8. In other words, the majority holds the trial court should not have made the evaluation itself. The majority cites *People v. Beasley* (1982), 109 Ill. App. 3d 446, 454, for the proposition that the legislature intended that medical expertise be employed in determining whether the defendant is an addict. And, the majority cites the first sentence of the second paragraph of section 10, which provides as follows:

"If the individual elects to undergo treatment or is certified for treatment, the court shall order an examination by a licensed program designated by the Commission to determine whether he is an addict and is likely to be rehabilitated through treatment." Ill. Rev. Stat. 1981, ch. 91½, par. 120.10.

Again, I must disagree with the majority's interpretation of the statute. First, the above mentioned sentence applies "if the individual elects to undergo treatment ***." The individual cannot "elect *** treatment" unless he is first *eligible* to elect treatment; the individual is not eligible to elect treatment unless the requirements of section 8 are first satisfied. (*People v. Rohman* (1983), 117 Ill. App. 3d 55, 58.) Section 8 does not instruct the trial court to seek the advice of "licensed programs" when evaluating the individual's claim of drug addiction. Furthermore, the above mentioned sentence should be read in conjunction with the very last sentence of the second paragraph, which provides that "no individual may be placed under supervision unless a licensed program designated by the Commission accepts him for treatment." Reading the two sentences together, it becomes apparent the court is authorized to order an evaluation simply to allow the licensed program to decide for itself whether it will accept an otherwise "eligible" individual for treatment (section 8 also provides that "an eligible addict may not be admitted to a treatment program, however, unless the authorities concerned consent as hereinafter set forth" (Ill. Rev. Stat. 1981, ch. 91½, par. 120.8); see also section 11 (Ill. Rev. Stat. 1981, ch. 91½, par. 120.11)). More specifically, the above quoted passage of the fourth sentence of the second paragraph of section 10 empowers the trial court to completely avoid the application of the Act "*if the court,* acting on *** other information *** *determines that the individual is not an addict ***.*" (Emphasis added.) The decision whether the defendant is an addict, and eligible under section 8 to elect treatment, is wholly within the discretion of the trial court. (*People v. Benedetto* (1981), 102 Ill. App. 3d 10, 20; *cf. People v. Warren* (1977), 69 Ill. 2d 620, 627-28.) The decision whether the defendant, if the court finds him to be an addict, is to be admitted as

a treatable addict into a licensed program is within the discretion of the licensed program. (Section 7 of the Act (Ill. Rev. Stat. 1981, ch. 91½, par. 120.7) states that the decision of the drug abuse commission to deny or discontinue treatment is not appealable.) In the instant case, the trial court was not obligated to order an evaluation of the defendant because the defendant was not eligible to elect treatment. Therefore, I would affirm the decision of the trial court.